UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.A. LOCAL 393 HEALTH AND WELFARE TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE KRAUTSTRUNK COMPANY, INC., <br><br> Defendant. | Case No.  22-cv-01372-JSC <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT OF LIABILITY AND REQUESTING SUPPLEMENTAL SUBMISSION ON DAMAGES** <br><br> Re: Dkt. No. 33 |

**INTRODUCTION**

U.A. Local 393 Health and Welfare Trust Fund, U.A. Local 393 Pension Fund, and Trustees Alex Hall and Eric Mussynski ("Plaintiffs") allege Krautstrunk Company, Inc. ("Defendant") failed to pay contributions for hours its employees worked, in violation of the Employee Retirement Income Security Act of 1974 ("ERISA").  Magistrate Judge Nathanael Cousins reassigned the case with a recommendation to grant Plaintiffs' motion for default judgment.  (Dkt. No. 33.)  The Court GRANTS Plaintiffs' motion for default judgment as to liability as recommended by Magistrate Judge Cousins, but requires a supplemental submission regarding damages.

**BACKGROUND**

**A.  Complaint Allegations**

U.A. Local 393 Health and Welfare Trust Fund and U.A. Local 393 Pension Fund (the "Trust Funds") are employee benefit plans pursuant to ERISA § 3(3), 29 U.S.C. § 1002(3).  The Trust Funds are organized based on the Labor Management Relations Act of 1947 ("LMRA") §§ 302(c)(5), 302(c)(6), 302(c)(9).  The Joint Board of Trustees of each fund are the fiduciaries of the Trust Funds pursuant to ERISA § 302(a), 29 U.S.C. § 1002(a).  The Krautstrunk Company, Inc., doing business under the name Hauser Construction, is an employer in accordance with ERISA §

1   3(5), 29 U.S.C. § 1002(5), and National Labor Relations Act of 1935 ("NLRA") § 2(2), 29 U.S.C.

2   § 152(2).

3   Defendant utilized Santa Clara Valley Contractors Association ("SVCA") as its bargaining

4   agent and agreed to abide by the terms of the bargaining agreement formed with the U.A. Local

5   393 Union.  (Dkt. No. 1 ¶ 9.)  This agreement was formed on July 1, 2018 and was to remain in

6   effect until June 30, 2021 unless either of the parties gave written notice to modify or terminate of

7   at least 60 days, but no more than 90 days prior to June 30, 2021.  (Dkt. No. 21 ¶ 5.)[1]  The

8   agreement requires Defendant make employer contributions to the Trust Funds based on hours

9   worked by employees.  (Dkt. No. 1 ¶ 11.)  Moreover, according to the agreement, Plaintiffs are

10  entitled to $250.00 per contractor per each month of delinquent contributions payment, which

11  increases to 20% of the principal amount due if the delinquencies are not paid prior to the date the

12  lawsuit is filed.  (Dkt. No. 21 ¶ 11; Dkt. No. 21-2 at 112-13; *id.* at 21-2 at 182; *id.* at 202.)  In

13  addition, Plaintiffs are entitled to ten percent annual interest of the delinquent payment of

14  contributions *until* paid, as well as reimbursement for any attorneys' fees accrued related to unpaid

15  contributions.  (Dkt. No. 21 ¶¶ 9, 11.)

16  Defendant failed to pay contributions for hours worked by its employees for the months of

17  October through December 2020.  (Dkt. No. 1 ¶ 13.)   Plaintiffs' counsel contacted Defendant

18  regarding the delinquent payments, and eventually sent a demand letter for owed payments on

19  March 2, 2021.  (Dkt. No. 22 ¶ 7.)  Plaintiffs corresponded with a person named Joseph Elimlich

20  ("Elimlich") who purportedly works with Defendant.  (Dkt. No. 22 ¶ 10.)  Elimlich's exact

21

22  [1] Plaintiffs' declarations include additional factual information not in the Complaint.  (Dkt. Nos.
    20, 21, 22, 31, 32.)  "Rule 55 gives the court considerable leeway as to what it may require as a
23  prerequisite to the entry of default judgment."  *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d
    915, 917-18 (9th Cir. 1987) (holding "[t]he district court exceeded the requirements of the rule by
24  taking extensive evidence on *all* allegations in the complaint including damages.").  Furthermore,
    "[e]vidence of damages in support of a request for default judgment may come in the form of
25  declarations specifying how damages were computed."  *Jones v. James Trading Co. Ltd.*, No. 21-
    55896, 2023 WL 3882957, at *1 (9th Cir. June 8, 2023) (citing *NewGen, LLC v. Safe Cig, LLC*,
26  840 F.3d 606, 617 (9th Cir. 2016) (affirming imposition of damages in default judgment where the
    district court relied on a declaration from the plaintiff that provided an estimate of defendant
27  company's net profits and a "detailed account of how he calculated each figure" in the damages
    request)).
28

United States District Court
Northern District of California

1    relationship with Defendant is unclear from the papers.  Elimlich was provided with copies of

2    Defendant's self-reported contributions, but failed to provide any revisions or comments.  (Dkt.

3    No. 22 ¶ 10.)  Plaintiffs sent two additional demand letters to Defendant for all payments,

4    damages, and interest owed.  (Dkt. No. 22 ¶¶ 11-12.)  Defendant failed to respond.  (Dkt. No. 22

5    ¶ 12.)

6    **B.  Procedural Background**

7         Plaintiffs filed the complaint on March 3, 2022 to compel Defendant to pay delinquent

8    contributions, damages, interest, and attorneys' fees.  (Dkt. No. 1.)  Defendant was served on

9    March 10, 2022.  (Dkt. No. 8.)  On May 16, 2022, default judgment was entered by the court's

10   clerk.  (Dkt. No. 11.)  Request for reassignment to a District Judge with recommendation to grant

11   Plaintiffs' motion for default judgment was made on March 27, 2023.  (Dkt. No. 33.)

12                                     **LEGAL STANDARD**

13        "In reviewing a magistrate judge's report and recommendation, the district court 'shall

14   make a *de novo* determination of those portions … of the report … to which objection is made,'

15   and 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by

16   the magistrate judge.'" *Hunter v. Oasis Fin. Sols., LLC*, No. 10CV724 L WVG, 2011 WL 997375,

17   at *1 (S.D. Cal. Mar. 21, 2011) (quoting 28 U.S.C. § 636(b)(1)).  Under this statute, "the district

18   judge must review the magistrate judge's findings and recommendations de novo *if objection is*

19   *made*, but not otherwise."  *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)

20   (explaining the parameters of the statute).  Because there are no objections by Defendant to

21   Magistrate Judge Cousins' report and recommendation, the court need not review *de novo*.

22                                        **DISCUSSION**

23   **A.  Sufficiency of Service of Process**

24        "[O]ne becomes a party officially, and is required to take action in that capacity, only upon

25   service of a summons or other authority-asserting measure."  *Murphy Bros., Inc. v. Michetti Pipe*

26   *Stringing, Inc.*, 526 U.S. 344, 350 (1999).  When ruling on a motion for default judgment, courts

27   must determine whether a defendant was properly served with notice of the case, because

28   improper service may explain their failure to appear.  *GS Holistic, LLC v. MSA-Bossy Inc.*, No.

United States District Court
Northern District of California

3

1    22-CV-07638-JSC, 2023 WL 3604322, at *2 (N.D. Cal. May 22, 2023) (*citing Penpower Tech.*

2    *Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008)).

3         Rule 4(h) allows corporations to be served through an agent for service of process or via

4    state law's method for serving an individual.  Fed. R. Civ. P. 4(h)(1); Fed. R. Civ. P. 4(e)(1).

5    California law also allows summons to be served on a corporation to the person designated as

6    agent for service of process.  Cal. Civ. Proc. Code § 416.10.  In lieu of personal delivery of

7    summons and complaint to the person to be served as specified in section 416.10, it is sufficient to

8    leave a copy of summons and complaint during usual business hours with a person who is

9    apparently in charge and at least 18 years old, as well as mailing a copy of the summons and

10   complaint.  Cal. Civ. Proc. Code § 415.20(a).

11        Plaintiffs served front desk personnel, Nicolas Perry ("Perry"), at the office for

12   Defendant's registered agent for service.  (Dkt. No. 8 at 1.)  Perry was at least 18 years of age at

13   the time of service, had apparent control of the premises, and was informed of the nature of the

14   papers.  (Dkt. No. 8 at 1.)  Plaintiffs also mailed a copy of the summons and complaint to

15   Defendant's agent.  (Dkt. No. 8 at 1.)  Plaintiffs do not provide any further information regarding

16   the individual served.  Based on these facts as well as the plain language of the statute, this service

17   of process is sufficient pursuant to Rule 4(e) and section 415.20 of the California Code of Civil

18   Procedure.  Fed. R. Civ. P. 4(e); Cal. Civ. Proc. Code § 415.20(b).

19   **B.  Jurisdiction**

20        **a.   Subject Matter Jurisdiction**

21        Pursuant to U.S.C. § 1331, federal courts have original jurisdiction over claims that arise

22   under laws of the United States.  Here, Plaintiffs' complaint directly arises from federal law,

23   ERISA § 502, which allows civil penalty against a party who violates an employee welfare benefit

24   plan.  Thus, this Court has subject-matter jurisdiction on this basis.

25        **b.   Personal Jurisdiction**

26        For a corporation, general personal jurisdiction exists when it is incorporated in the forum

27   state.  *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  In this case, Defendant is a

28

California incorporated business.  (Dkt. No. 1 ¶ 2.)  Thus, this Court has personal jurisdiction over Defendant.

**C.  *Eitel* Analysis**

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising its discretion to grant default judgment, the court should consider the following factors, as laid out in *Eitel v. McCool*:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  Furthermore, in "reviewing a default judgment, [the] court must take the well-pleaded factual allegations … as true."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**a.  Prejudice to Plaintiff**

This factor considers whether the plaintiff will suffer prejudice if the Court declines to enter default judgment, e.g., being left without a legal remedy.  *GS Holistic, LLC v. MSA-Bossy Inc.*, No. 22-CV-07638-JSC, 2023 WL 3604322 (N.D. Cal. May 22, 2023).  Plaintiffs allege Defendant failed to pay contributions for its employees' hours worked over a three-month period, which have incurred additional liquidated damages and interest.  (Dkt. No. 1 ¶¶ 13-14.)  Based on a contractual agreement, Defendant has a duty to pay the amounts due, to timely make required contributions, liquidated damages and interest, and to timely make required payment of union dues.  (Dkt. No. 1 ¶ 16.)  Here, "because [Defendant] did not respond to the complaint, [Plaintiffs'] only recourse … is default judgment."  *GS Holistic, LLC*, 2023 WL, at *3.  As such, there is a high likelihood prejudice to Plaintiffs if the motion for default judgment were not granted.

**b.  Merits of Claim and Sufficiency of Complaint**

The second and third factors, "often analyzed together," require Plaintiffs to plead facts sufficient to establish and succeed upon its claims.  *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F.

United States District Court
Northern District of California

Supp. 2d 1038, 1048 (N.D. Cal. 2010).  After entry of default, the factual allegations in the

complaint related to liability are accepted as true and deemed admitted.  *Fair Hous. of Marin v.*

*Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  "The district court is not required to make detailed

findings of fact."  *Id.* at 906.

Plaintiffs state an ERISA claim.  (Dkt. No. 1 ¶ 3.)  Pursuant to 29 U.S.C. § 1132, a party

may bring a civil action against an employer who breaches an agreement without proper written

notice of termination of at least 60 days but no more than 90 days prior to the end of the

agreement.  29 U.S.C. 1132(a).  (Dkt. No. 21 ¶ 5.)  An employer is "any person acting directly as

an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan."

29 U.S.C § 1002(5).  Defendant is an ERISA employer because Defendant hired members of the

UA Local Union 393 and signed a bargaining agreement with the Union establishing an employee

benefit plan.  (Dkt. No. 1 ¶ 9.)  The agreement required Defendant to pay sums of money based on

hours worked by Defendant's employees, maintain time records or timecards, and submit relevant

records for Plaintiffs to examine and determine whether the payments were made in full.  (Dkt.

No. 1 ¶¶ 11-12.)  Defendant also agreed to make contributions based on hours worked by

employees, as well as liquidated damages and interest on late payments under ERISA §

502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).  Defendant breached the agreement because Defendant

has reported but failed to pay contributions for employees' hours worked for the months of

October through December 2020.  (Dkt. No. 1 ¶ 13.)  Because Plaintiffs have sufficiently alleged

Defendant breached the agreement, they state a claim against Defendant pursuant to 29 U.S.C §

1132 for violations of ERISA and the Bargaining and Trust Agreements.

### c.  Sum of Money

The sum of money at stake is reasonable based on allegations against Defendant.  "One of

the factors the court is free to consider in exercising its discretion to … deny default judgment is

the sum of money at stake."  *J&J Sports Prod., Inc. v. Rafael*, No. CIV S-10-1046 LKK, 2011 WL

445803, at *2 (E.D. Cal. Feb. 8, 2011).  The court analyzes this factor "in relation to the

seriousness of [the defendant's] conduct."  *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d

1172, 1176 (C.D. Cal. 2002).  Plaintiffs seek $49,246.52 for Defendant's unpaid contributions,

liquidated damages, interest on the unpaid contributions, and attorneys' fees and costs.  (Dkt. Nos. 20 ¶¶ 6-8, 10; 33 at 4.)  Defendant does not dispute liability for these payments, and they are not unreasonable in light of the circumstances.  (Dkt. No. 22 ¶ 10.)  As such, the sum of money at stake favors granting default judgment.

### d.  Dispute Concerning Material Facts

In exercising its discretion as to the entry of default judgment, courts must consider whether there is a possibility of dispute concerning material facts.  *Eitel*, 782 F.2d at 1471–72.  In this case, it is unlikely a dispute concerning material facts as to liability will arise.  According to Plaintiffs' declarations, Defendant self-reported the unpaid contributions.  (Dkt. No. 20 ¶ 9.)  This includes $250.00 per each month of delinquent payment of contributions which increased to 20% of the principal amount due because the delinquencies were not paid prior to the date the lawsuit was filed, ten percent interest per year on any unpaid contributions, as well as attorneys' fees and costs.  (Dkt. No. 20-1 at 112-13.)  Prior to filing the complaint, Plaintiffs' counsel provided Elimlich with these numbers, to which he responded: "Thank you for sending that, I will go over [t]he numbers with Paychex, I think I already see a mistake on the reports I will get back to you toward the end of next week [t]hank you and have a great weekend."  (Dkt. No. 22-1 at 9.)  Elimlich did not subsequently provide revisions or corrections.  (Dkt. No. 22 ¶ 10.)  In turn, Plaintiffs' counsel sent several demand letters regarding the payments owed, to which Defendant failed to respond.  (Dkt. No. 22 ¶¶ 10-12.)  Defendant did not refute liability, just, arguably, the amount in controversy.  (Dkt. No. 22 ¶ 10.)  So, this factor favors entry of default judgment as "defendant has made no attempt to challenge the accuracy of the allegations in the complaint."  *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010).  Because Defendant does not contest liability for failure to pay contributions owed, this factor favors default judgment of liability for Plaintiffs.

### e.  Excusable Neglect

"This factor favors default judgment where the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit."  *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012).  It is unlikely there are any relevant or

extenuating circumstances that would deem Defendant's failure to respond to result from excusable neglect.  For example, Defendant was made aware of the amounts owed nearly a year prior to service of process.  (Dkt. No. 22 ¶ 10.)  In that same year, Plaintiffs' counsel was in direct communication with Defendant regarding the balance owed, and Defendant received several demand letters for payment.  (Dkt. No. 22 ¶¶ 7, 9, 11-12.)  Moreover, Defendant received the original service of process, the Clerk's Notice of Entry of Default, as well as every other pleading in the action and did not request any alternate resolution or timeline for the matter.  (Dkt. No. 22 ¶ 17.)  Therefore, this factor favors entry of default judgment.

### f.   Policy Favoring Decision on the Merits

Because public policy favors a decision on the merits, default judgment is inherently never the preferred outcome.  However, policy must be weighed as one factor among many in considering whether default judgment should be granted.  This is because a "Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Because the other *Eitel* factors favor Plaintiffs, the Court is not precluded from granting the motion for default judgment despite policy favoring a decision on the merits.

### g.   Liability Following *Eitel* Analysis

Based on the findings in the *Eitel* analysis, the Court holds that Defendant is liable for the unpaid contributions, as well as liquidated damages and interest on late payments under ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).  Plaintiffs would be prejudiced if default judgment were not granted, Plaintiffs alleged a meritorious and sufficient complaint, the sum of money in question is reasonable based on the circumstances, there is not a likely dispute of material fact regarding liability, and Defendant's failure to respond is not a result of excusable neglect.  In addition, Defendant does not dispute liability for these amounts, just how *much* is owed.  (Dkt. No. 22 ¶ 10.)  Therefore, the Court holds that Defendant is liable for the unpaid contributions, liquidated damages, and interest, but requires that Plaintiffs provide supplemental evidence explaining their calculations for damages, as discussed below.

### D.  Damages

On a default judgment, the Court does not accept factual allegations regarding damages as true.  *TeleVideo Sys., Inc*, 826 F.2d at 917 (citing *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir.1977)).  Instead, claimants are required to prove all damages sought in the complaint (and no more than sought in the complaint).  *See* Fed. R. Civ. P. 54(c).  "The district court may determine the amount of damages without an evidentiary hearing where 'the amount claimed is a liquidated sum or capable of mathematical calculation.'"  *Lasheen v. Embassy of The Arab Republic of Egypt*, 625 F. App'x 338, 341 (9th Cir. 2015) (quoting *Davis v. Fendler,* 650 F.2d 1154, 1161 (9th Cir. 1981)).  Furthermore, the Court may "establish the truth of any allegation by evidence; or investigate any other matter." including declarations and exhibits.  Fed. R. Civ. P. 55(b)(2)(c).  *See, e.g., Heidarpour v. Empire Cap. Funding Grp. Inc.,* No. 18-CV-00250-YGR, 2018 WL 3455809, at *2 (N.D. Cal. July 18, 2018) (explaining the plaintiff's complaint allegations and additional evidence supplied through declarations was still insufficient).  Here, the allegations of the complaint and the evidence supplied in support of the default judgment are insufficient to support the amount of damages sought.

#### a.  Unpaid Contributions, Interest, and Liquidated Damages

Plaintiffs originally sought $35,527.83 in damages.  This amount consists of unpaid contributions, interest, and liquidated damages.  Plaintiffs provide a demand letter from their attorney as well as a declaration from a third-party administrator of the trust funds as evidence of their calculations.  (Dkt. Nos. 20; 22 ¶ 7.)  However, these documents do not contain clear guidance as to how their damages were calculated, nor do later declarations sufficiently clarify how the amount demanded was calculated.  (Dkt. No. 31 ¶ 7.)

| Work Month | Unpaid Contributions | 20% Liquidated Damages | 10% Interest (through 9/15/22 or date paid) | Subtotal |
|---|---|---|---|---|
| 10/20 | $7,387.06 | $1,477.41 | $1,345.32 | $10,209.79 |
| 11/20 | $9,981.89 | $1,996.38 | $1,736.28 | $13,714.55 |
| 12/20 | $8,494.87 | $1,698.97 | $1,409.65 | $11,603.49 |
| *Subtotals* | **$25,863.82** | **$5,172.76** | **$4,491.25** | **$35,527.83** |
| | | | **GRAND TOTAL** | **$35,527.83** |

United States District Court
Northern District of California

1    The chart above details the specific amounts of unpaid contributions, liquidated damages,

2    and interest sought by Plaintiffs.  (Dkt. No. 20 ¶ 10.)  The unpaid contributions and 20%

3    liquidated damages are supported. The unpaid contributions amount to $25,862.82. (*Id.*)  And,

4    under the agreement, Plaintiffs are entitled to liquidated damages of $250.00 per each month of

5    delinquent payment of contributions, or 20% of the principal amount due if the delinquencies were

6    not paid prior to the date the lawsuit was filed.  (Dkt. No. 20-1 at 112-13.)  The delinquencies

7    were not paid prior to the date the lawsuit was filed, meaning Plaintiffs are entitled to 20% of the

8    principle amount due.  Plaintiffs seek $5,172.76 in liquidated damages, which is 20% of the

9    alleged unpaid contributions.  (Dkt. No. 20 ¶ 10.)  Thus, this portion of the damages is sufficiently

10   explained.

11    But the interest calculations are unclear. According to the complaint, "[c]ontributions are

12   due and considered delinquent if not received on the fifteenth (15th) day of the month following

13   the month hours were worked."  (Dkt. No. 1 ¶ 11.)  Plaintiffs' supplemental declaration requesting

14   additional interest payments through January 4, 2023 explains the ten percent interest amount was

15   calculated by multiplying the total unpaid contributions ($25,863.82) by ten percent which equals

16   $2,586.38.  (Dkt. No. 31 ¶ 7.)  $2,586.38 is then divided by 365 days equal to $7.09 of interest per

17   day, and then multiplied by the number of days that have passed since the overdue unpaid

18   contribution. (*Id.*) But applying that calculation to the numbers listed above yields different

19   amounts from those listed in the chart.  And that method does not follow how interest calculations

20   are described in the agreement.  (*See* Dkt. No. 20-1 at 113 ("Liquidated damages shall be added to

21   and become a part of said amount due and unpaid and the whole thereof shall bear interest at the

22   rate of ten percent (10%) per annum until paid."))  Plaintiffs should file a supplemental declaration

23   explaining all interest calculations in detail—including how their form of interest calculation

24   complies with the statute and contract.  Plaintiffs should also revise their calculations up to the

25   present date.

26        **b.  Attorneys' Fees**

27    Plaintiffs adequately explain their request for attorneys' fees.  For example, during the

28   period from March 1, 2021 through May 31, 2022, Matthew P. Minser of Plaintiffs' counsel

1   ("Minser") spent 3.7 hours on this matter, incurring $851.00 in attorneys' fees.  (Dkt. No. 22 ¶

2   22.)  In addition, Luz E. Mendoza ("Mendoza") of Plaintiffs' counsel Luz E. Mendoza spent 1.8

3   hours in this matter during the period from March 1, 2021 through May 31, 2022, incurring

4   $414.00 in attorneys' fees.  (Dkt. No. 22 ¶ 25.)  Moreover, paralegal Melissa Huang spent 6.3

5   hours in this matter during the period from March 1, 2021 through May 31, 2022, incurring

6   $850.50 in attorneys' fees.  (Dkt. No. 22 ¶ 23.)  Furthermore, paralegal Alicia Wood ("Wood") of

7   Plaintiffs' counsel spent seven hours in this matter during the period from March 1, 2021 through

8   May 31, 2022, incurring $945.00 in attorneys' fees.  (Dkt. No. 22 ¶ 24.)  During this period,

9   Plaintiffs' counsel incurred $570.49 in additional costs.  (Dkt. No. 22 ¶ 29.)  Plaintiffs'

10  counsel details the nature and content of hours worked.  (Dkt. No. 22-1 at 14-20.)  The attorneys' fees and

11  costs in this period total to $3,630.99.  (Dkt. No. 22 ¶ 30.)

12          Additionally, during the period from June 1, 2022 through January 4, 2023 Minser

13  recorded that he worked eight hours on this matter, incurring $1,840.00 ($230.00 per hour) in

14  attorneys' fees.  (Dkt. No. 31 ¶ 3.)  In addition, Luz E. Mendoza spent 24.60 hours on this matter

15  during the period from June 1, 2022 through January 4, 2023, incurring $5,658.00 ($230.00 per

16  hour) in attorneys' fees.  (*Id.*)  Moreover, Wood spent 10.30 hours in this matter during the period

17  from June 1, 2022 through January 4, 2023, incurring $1,363.51 ($132.38 per hour) in attorneys'

18  fees.  (*Id.*)  Plaintiffs' counsel also incurred $439.20 in additional costs during this period.  (Dkt.

19  No. 31 ¶ 5.)  The attorneys' fees and costs in this period total to $9,300.71.  Plaintiffs' counsel

20  details the nature and content of hours worked.  (Dkt. No. 31-1 at 1-6.) As such, Plaintiffs

21  adequately explain their overall attorneys' fees and costs of $12,931.70 which the Court finds are

22  reasonable.

23                                  **CONCLUSION**

24          Plaintiffs' service of process to Defendant was sufficient, and this Court has both subject-

25  matter and personal jurisdiction in this case. Moreover, the *Eitel* factors weigh in favor of entering

26  default judgment for Plaintiffs.  However, Plaintiffs fail to offer sufficient explanation regarding

27  calculation of accrued interest.  For these reasons, the Court ADOPTS Magistrate Judge Cousins'

28  Report and Recommendation and GRANTS the motion for default judgment of liability, but

United States District Court
Northern District of California

defers judgment on damages pending Plaintiffs' supplemental submission.  The supplemental damages submission shall be filed by August 15, 2023.

**IT IS SO ORDERED.**

This Order resolves Dkt. No. 33

Dated: August 1, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California