UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.A. LOCAL 393 HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE KRAUTSTRUNK COMPANY, INC.,<br><br>Defendant. | Case No. 22-cv-01372-JSC<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT ON DAMAGES**<br><br>Re: Dkt. No. 37 |

U.A. Local 393 Health and Welfare Trust Fund, U.A. Local 393 Pension Fund, and Trustees Alex Hall and Eric Mussynski ("Plaintiffs") allege Kraustrunk Company, Inc. ("Defendant") failed to pay contributions for hours its employees worked in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). On August 1, 2023, this Court granted Plaintiffs' motion for default judgment of liability, but deferred judgment on damages pending Plaintiffs' supplemental submission regarding the calculation of accrued interest. (Dkt. No. 36.) Having reviewed Plaintiffs' supplemental submission (Dkt. No. 37), the Court GRANTS Plaintiffs' motion for default judgment and awards the full amount of damages sought.

**BACKGROUND**

Plaintiffs submitted a supplemental declaration from Matthew Minser explaining their interest calculation. (Dkt. No. 37.) In the declaration, Plaintiffs introduce a document that governs the delinquency collection procedures of U.A. Local 393 Health and Welfare Trust Fund and U.A. Local 393 Pension Fund (the "Trust Funds"). (Dkt. No. 37 ¶ 8.) Plaintiffs contend that based on this document, contributions are considered delinquent if they are not received on the eighteenth (18th) day rather than the fifteenth (15th) of the month following the month hours were

worked. (Dkt. No. 37 ¶¶ 9-10.) Moreover, interest is calculated based on unpaid contributions, but not liquidated damages. (Dkt. No. 37 ¶ 11.) In addition, Plaintiffs request additional interest accruing at the same rate of ten percent per annum from September 16, 2022 to August 15, 2023. (Dkt. No. 37 ¶ 12.)

## LEGAL STANDARD

On default judgment, the factual allegations relating to a defendant's liability are taken as true, but not the allegations regarding the amount of damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). Thus, a plaintiff must prove the amount of damages sought in the complaint. *Lasheen v. Embassy of The Arab Republic of* Egypt, 625 F. app'x 338, 341 (9th Cir. 2015) (citing *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). This process is limited by Federal Rule of Civil Procedure 54(c), which states "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

## DISCUSSION

Under ERISA § 502(g), 29 U.S.C. 1132(g)(2)(b), an employer is liable for interest on unpaid contributions if judgment is entered against them for delinquent contributions. *See also* ERISA § 515, 29 U.S.C. § 1145. Plaintiffs support their interest request by (1) justifying their calculation method (Dkt. No. 37 ¶ 8.) and (2) detailing their calculations (*Id.* ¶¶ 13-15.). Plaintiffs also request additional interest because the delinquent contributions remain unpaid since September 21, 2022 when Plaintiffs filed their motion for default judgment.

**1. Plaintiffs' Calculation Method Is Justified by the Collection Procedures**

Plaintiffs proffer the Restated Delinquency Collection Procedures ("Collection Procedures")[1] to explain their calculation method. (Dkt. No. 37 ¶ 8.)

---

[1] The Collection Procedures document Plaintiffs proffer became effective on June 20, 2022, but the time period at issue is October to December of 2020. (Dkt. No. 37-1 at 48.) However, Plaintiffs explain this document is the "most current executed version," and calculations pursuant to this document do not result in more owed by Defendant than calculations pursuant to the Bargaining and Trust Agreements previously proffered. (Dkt. No. 37 ¶¶ 8,9.) Instead, it results in slightly less owed since interest begins to accrue on the 19th rather than 16th.

### A. The Collection Procedures Binds the Parties

The Collection Procedures binds the parties because the Trust Funds adopted them pursuant to the Trust Agreements. (Dkt. No. 37 ¶ 8.) The Court previously recognized that the Trust Agreements binds Defendant and Plaintiffs Trust Funds. (Dkt. No. 36 at 6; Dkt. No. 37 ¶ 5; Dkt. No. 20-1 at 102, 104.) The Trust Agreements authorize the Trust Funds' Board of Trustees to "adopt rules and regulations as appropriate for the administration" of the Trust Funds. (Dkt. No. 37 ¶¶ 6-7; Dkt. No. 37-1 at 17; *id.* at 31.) In accordance with this authorization, the Board of Trustees adopted the Collection Procedures. (Dkt. No. 37 ¶ 8; Dkt. No. 37-1 at 48.) Therefore, Plaintiffs' reliance on the Collection Procedures is justified.

### B. The Collection Procedures Justify Plaintiffs' Interest Calculations

The Court's prior order found Plaintiffs' interest calculation of $4,491.25 as of September 15, 2022 did not reflect the calculation method Plaintiffs described. (Dkt. No. 36 at 10.)

The calculation method in the Collection Procedures differs from Plaintiffs' previous method in two ways. First, contributions are considered delinquent if they are not received by the "18th day of the month following the month hours were worked." (Dkt. No. 37 ¶¶ 9-10; Dkt. No. 37-1 at 50.) Second, "simple interest of 10% per annum is assessed on contributions (and not on liquidated damages) received or remaining unpaid after the delinquency date." (Dkt. No. 37 ¶ 11; Dkt. No. 37-1 at 58.) In this way, the Collection Procedures adequately explain Plaintiffs' calculations based on the delinquency date of the 19th day of the month following the month worked and based on unpaid contributions excluding liquidated damages.

**2. Plaintiffs' Interest Calculations Are Accurate Under the Collection Procedures**

Plaintiffs explain interest is calculated by multiplying the total unpaid contributions (excluding liquidated damages) by ten percent, dividing it by 365 to compute daily interest[2], and multiplying daily interest by the number of days that have passed since the contribution was delinquent. (Dkt. No. 31 ¶ 7.) If, pursuant to the Collection Procedures, the delinquency date is the 19th day of the month following the month hours were worked and interest of ten percent per

---

[2] Daily interest was rounded to the nearest hundredth.

3

1 annum is calculated on unpaid contributions and not liquidated damages, Plaintiffs' interest

2 calculation of $4,491.25 as of September 15, 2022 is accurate. (Dkt. No. 37 at 9.) Calculations

3 are outlined in the table below.

### 3. Plaintiffs' Request for Additional Interest Is Justified

Plaintiffs contend they are entitled to additional interest because Defendant has not made any payment towards their balance since September 21, 2022, when Plaintiffs filed their motion for default judgment. (Dkt. No. 37 ¶ 12.) Plaintiffs' original motion requested interest accrued through September 15, 2022. (*Id.*; Dkt. No. 21.) They now request interest accrued through August 15, 2023.

Plaintiffs' request is justified. Under the Collection Procedures, "simple interest of 10% per annum is assessed on contributions (and not on liquidated damages) received or remaining unpaid after the delinquency date." (Dkt. No. 37 ¶ 11; Dkt. No. 37-1 at 58.) More time has passed since the delinquency date so more interest has accrued at the same rate. Based on this calculation method, Plaintiffs are entitled to an additional interest of $2,364.72 for a total of $6,855.97 for unpaid contributions as of August 15, 2023. (Dkt. No. 37 ¶¶ 13-15.)

| | Interest until Sept. 15, 2022 | | | | | | |
|---|---|---|---|---|---|---|---|
| | Unpaid Contribution | 10% Interest | Daily Interest (/365) | Start Date | End Date | # of Days (~9/15/2022) | Interest (daily interest * # of days) |
| Oct-20 | $ 7,387.06 | $ 738.71 | $ 2.02 | 11/19/2020 | 9/15/2022 | 666 | $ 1,345.32 |
| Nov-20 | $ 9,981.89 | $ 998.19 | $ 2.73 | 12/19/2020 | 9/15/2022 | 636 | $ 1,736.28 |
| Dec-20 | $ 8,494.87 | $ 849.49 | $ 2.33 | 1/19/2021 | 9/15/2022 | 605 | $ 1,409.65 |
| | | | | | | | $ 4,491.25 |

| | Additional interest requested - accruing from Sept. 16, 2022 - Aug. 15, 2023 | | | | | | |
|---|---|---|---|---|---|---|---|
| | Unpaid Contribution | 10% Interest | Daily Interest (/365) | Start Date | End Date | # of Days (9/16/2022 ~ 8/15/2023) | Interest (daily interest * # of days) |
| Oct-20 | $ 7,387.06 | $ 738.71 | $ 2.02 | 9/16/2022 | 8/15/2023 | 334 | $ 674.68 |
| Nov-20 | $ 9,981.89 | $ 998.19 | $ 2.73 | 9/16/2022 | 8/15/2023 | 334 | $ 911.82 |
| Dec-20 | $ 8,494.87 | $ 849.49 | $ 2.33 | 9/16/2022 | 8/15/2023 | 334 | $ 778.22 |
| | | | | | | | $ 2,364.72 |

//

| Total interest requested (Sum) | | | | | | | |
|---|---|---|---|---|---|---|---|
| | Unpaid Contribution | 10% Interest | Daily Interest (/365) | Start Date | End Date | # of Days (~8/15/2023) | Interest (daily interest * # of days) |
| Oct-20 | $ 7,387.06 | $ 738.71 | $ 2.02 | 11/19/2020 | 8/15/2023 | 1000 | $ 2,020.00 |
| Nov-20 | $ 9,981.89 | $ 998.19 | $ 2.73 | 12/19/2020 | 8/15/2023 | 970 | $ 2,648.10 |
| Dec-20 | $ 8,494.87 | $ 849.49 | $ 2.33 | 1/19/2021 | 8/15/2023 | 939 | $ 2,187.87 |
| | | | | | | | $ 6,855.97 |

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs' motion for default judgment as to damages in the total amount of $37,892.55, which consists of $25,863.82 in unpaid contributions, $5,172.76 in liquidated damages, $6,855.97 in interest, plus $11,922.01 in reasonable attorney's fees, and $1,009.69 in costs.

**IT IS SO ORDERED.**

Dated: September 8, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge